Joseph TAYLOR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9309–CR–522.

Court of Appeals of Indiana,
Second District.

Sept. 13, 1994.

Steven R. Jacobs, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

## STATEMENT OF THE CASE

Appellant–Defendant Joseph Taylor appeals his conviction of Auto Theft, a Class D felony.[1] He presents a single issue for review which we restate as follows: Did an investigatory stop violate Taylor's rights against unreasonable search and seizure protected by Article I, § 11 of the Indiana Constitution and the Fourth Amendment to the United States Constitution?

We affirm.

## FACTS

The facts most favorable to the trial court's decision are as follows: On January 15, 1993, Indianapolis police officer Christopher Smith was on routine patrol. He observed a van which he believed to contain a single occupant. The van was parked by a boat ramp off the roadway. Officer Smith approached the van in his patrol car. As he approached, the van started up and began to drive away. Officer Smith noticed that the van had a broken vent window. He then activated his overhead lights to stop the vehicle. A radio check disclosed that the van had been reported stolen. The defendant was arrested and convicted of auto theft.

## DISCUSSION

Article I, § 11 of the Indiana Constitution is the starting point of our analysis. It provides:

> "Unreasonable search or seizure.—The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

We commence our analysis under the Indiana Constitution even though the State search and seizure provision is similar to its Federal analogue, the Fourth Amendment to the United States Constitution, and even though federal law interpreting that amendment is well-developed.

Indiana courts have the responsibility of independent constitutional analysis. *Cooper v. State* (1989), Ind., 540 N.E.2d 1216, 1217. This enables the Indiana Constitution to carry out its policies and to protect its citizens. In carrying out this responsibility, our courts should decide such issues independently of federal law. Decisions of the United States Supreme Court and other federal courts construing similar federal constitutional provisions may be persuasive, but Indiana courts should grant neither deference, nor precedential status, to such cases when interpreting provisions of our own constitution.

Indiana's decision to apply federal constitutional interpretations to state constitutional provisions must be made on a case-by-case basis. In the event Indiana courts interpret our constitutional provisions consistent with federal interpretation, the decision is one of Indiana law. As such, it remains unchanged by subsequent federal decisions altering federal interpretation. See *Wood v. State* (1992), Ind.App., 592 N.E.2d 740, 742.

The federal constitution operates on states through the provisions of the fourteenth amendment which prohibit a state from falling below certain minimal standards. If the Indiana Constitution protects the asserted claim, Indiana has not fallen below the federal minimal standards. No further analysis is required. In the event the Indiana Constitution does not provide such protection, we should then consider whether the act is protected by provisions of the federal constitution.

The protections provided by the Indiana Constitution may be more extensive than those provided by its federal constitutional counterparts. See *Justice v. State* (1990), Ind.App., 552 N.E.2d 844, 847; *Clark v. State* (1990), Ind., 561 N.E.2d 759; *Lach v. Lake County* (1993), Ind.App., 621 N.E.2d 357, 358 n. 1. Those protections may be less extensive; or they may be coterminous. In any event, Indiana courts have the obligation to determine whether an act is protected by

1. IC 35–43–4–2.5 (1992 Supp.)

the Indiana Constitution, independently of whether the act is protected by federal constitutional guarantees. *See Cooper*, 540 N.E.2d at 1217.

■ Article I, § 11 of the Indiana Constitution guarantees the rights of liberty, privacy, and free movement. Investigatory stops are intrusions into the privacy of the detained individual and an interference with freedom of movement. *State v. Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874. Such stops constitute a seizure, *Gipson v. State* (1984), Ind., 459 N.E.2d 366, and invoke the protections of Article I, § 11 of the Indiana Constitution. *Rutledge v. State* (1981), Ind., 426 N.E.2d 638.

■ An individual's rights to liberty, privacy and free movement under Article I, § 11 are not absolute; they must be balanced against society's right to protect itself. *Williams v. State* (1974), 261 Ind. 547, 307 N.E.2d 457. Courts, thus, must balance the sometimes competing rights. Id., 307 N.E.2d at 461. In carrying out this balancing, Indiana courts look to the reasonableness of the intrusion and permit brief investigatory stops based upon reasonable suspicion of criminal activity. *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738.

We hold that Article I, § 11 of the Indiana Constitution permits brief police detention of an individual during investigation if the officer reasonably suspects that the individual is engaged in, or about to engage in, illegal activity. The reasonable suspicion requirement is satisfied where the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has or is about to occur.

■ Applying this standard to the present action, the police officer observed the van occupied by Taylor parked in an unusual location. The officer's further investigation—prior to making the investigatory stop—showed the van's vent window had been smashed in a manner indicating illegal entry. Such facts and the reasonable inferences arising from them constitute the basis for reasonable suspicion of criminal activity justifying further investigation. *See Com-*

*monwealth v. Epps* (1992), 415 Pa.Super. 231, 608 A.2d 1095. The investigatory stop of Taylor did not violate the protections of Article I, § 11 of the Indiana Constitution.

■ We interpret the provisions of Article I, § 11 of the Indiana Constitution as providing protections regarding investigatory stops consistent with federal interpretation of protections provided by the Fourth Amendment to the United States Constitution. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Alabama v. White* (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301. Because we hold that Taylor's Indiana constitutional protections have not been violated and that such protections are at least as extensive as those provided by the federal constitution, Taylor can make no claim that this investigatory stop violated the provisions of the Fourth Amendment to the United States Constitution.

Affirmed.

SULLIVAN and CHEZEM, JJ., concur.