**Paul KENNER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9802–CR–89.

Court of Appeals of Indiana.

Jan. 6, 1999.

---

John (Jack) F. Crawford, Crawford & Rader, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RUCKER, Judge.

In this interlocutory appeal Paul Kenner challenges the trial court's denial of his motion to suppress evidence. Kenner phrases the issues as follows: (1) is the "plain smell" test valid under Article One, Section Eleven of the Constitution of Indiana, and (2) did the trial court err in finding that under the totality of the circumstances the detention of Kenner for one hour was reasonable. We affirm.

At approximately 7:50 p.m. on September 16, 1996, Officer Paul McDonald of the Indianapolis Police Department stopped a red Camaro on Interstate 70 in the city of Indianapolis. The car was traveling sixty miles per hour in a fifty mile per hour speed zone. Officer McDonald had just been informed by another officer that a red Camaro and a tan Chevrolet Celebrity appeared to have been traveling together and passing each other at excessive rates of speed. The driver of the Celebrity was ultimately stopped by another officer and identified as Piere Riley. In the meantime Officer McDonald approached the driver of the Camaro and requested identification and registration. The driver complied and produced a driver's license in the name of Paul Kenner. The car was registered in the name of Piere Riley. At the officer's request Kenner exited his car. When he did so Officer McDonald smelled what he believed to be raw marijuana. The parties proceeded to the patrol car and once inside Officer McDonald informed Kenner that he was going to give Kenner a break. The officer wrote Kenner a warning ticket, returned Kenner's driver's license and registration, and then told Kenner the traffic stop was over. The time was 8:01 p.m. Officer McDonald then asked Kenner if he would mind answering a few questions. Kenner agreed and McDonald proceeded to ask Kenner a number of questions including where he was going, with whom was he traveling, and where he had been. He also asked Kenner if there were any illegal drugs in the car and Kenner answered not to his knowledge. His suspicions aroused, Officer McDonald then requested permission to search the car. Kenner responded that because the car did not belong to him, he did not want to give his consent to search. Officer McDonald then radioed for a canine unit. It was now 8:16 p.m. The officer informed Kenner that he was free to leave however the

car had to remain. Kenner stayed. Approximately half an hour later the canine unit arrived. Walking the perimeter of the Camaro a drug sniffing dog alerted to the presence of illegal drugs. Officer McDonald searched the Camaro and discovered a white trash bag containing twelve pounds of a substance later identified as marijuana. Kenner was arrested and subsequently charged with possession of marijuana as a Class D felony and dealing in marijuana as a Class C felony. He thereafter filed a motion to suppress evidence which was denied after a hearing. This interlocutory appeal followed.

## I.

Referring to Officer McDonald's testimony that while Kenner was exiting the Camaro the officer smelled raw marijuana, Kenner contends that Article one, Section Eleven of the Indiana Constitution prohibits the adoption of what he characterizes as the "plain smell" test. Kenner argues that odor alone cannot provide the basis for probable cause to search a vehicle. Continuing the argument, Kenner maintains that the test for determining whether a police search violates Article One, Section Eleven of the Indiana Constitution is different from that applied in federal jurisprudence.

■ We have no quarrel with Kenner's argument on this latter point. *See Brown v. State*, 653 N.E.2d 77 (Ind.1995) (distinguishing between Article One, Section Eleven and the Fourth Amendment on question of warrantless search of automobile). However, Kenner appears to misconstrue the distinction between probable cause justifying a search on the one hand and reasonable suspicion justifying an investigatory stop on the other. Facts necessary to demonstrate the existence of probable cause for a warrantless search are not materially different from those which would authorize the issuance of a warrant if presented to a magistrate. *Young v. State*, 564 N.E.2d 968, 970 (Ind.Ct.App. 1991), *trans. denied.* "Probable cause" to issue a search warrant exists where the facts and circumstances would lead a reasonably prudent person to conclude that a search of those premises will uncover evidence of a crime. *Esquerdo v. State*, 640 N.E.2d 1023,

1029 (Ind.1994). As we discuss more fully below, Officer McDonald's search of Kenner's automobile occurred after a drug sniffing dog alerted to the presence of illegal drugs. The alert of the dog provided the probable cause necessary to obtain a search warrant. *See U.S. v. Brown*, 24 F.3d 1223, 1226 (10th Cir.1994) ("[W]hen the canine alerted to Brown's Lincoln, the authorities had 'probable cause' to impound the vehicle, . . . and thereafter obtain a search warrant."). That the officer here did not attempt to obtain a warrant has not been raised as an issue on appeal. We note, however, that where there is probable cause to believe an automobile contains the fruit or instrumentality of a crime, the inherent mobility of the automobile justifies a warrantless search. *Green v. State*, 647 N.E.2d 694, 696 (Ind.Ct.App.1995). We also note that smell testing by a trained dog is not a search within the meaning of the Fourth Amendment. *State v. Watkins*, 515 N.E.2d 1152, 1154–55 (Ind.Ct.App.1987) (citing *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)). Also, the Fourth Amendment does not prohibit law enforcement authorities from detaining personal property for a sniff test by a trained narcotics detection dog if there is reasonable suspicion to believe the property contains narcotics. *Watkins*, 515 N.E.2d at 1155.

■ In any event the proper focus of Kenner's "plain smell" argument is not upon the search of Kenner's automobile for which the officer had probable cause after the alert of the dog. Rather the proper focus is upon the investigatory stop that ultimately culminated into a search. This jurisdiction has adopted the *Terry* rationale in determining the legality of investigatory stops under Indiana's constitution. *Taylor v. State*, 639 N.E.2d 1052, 1054 (Ind.Ct.App.1994). In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court established the rule that a police officer can briefly detain a person for investigatory purposes if, based on specific and articulable facts, the officer has a reasonable suspicion of criminal activity. This is so even if the officer lacks probable cause under the Fourth Amendment. *Terry*, 392 U.S. at 27, 88 S.Ct. 1868. The requirement of rea-

sonable suspicion is satisfied when the facts known to the officer, together with the reasonable inferences arising therefrom, would permit an ordinary prudent person to believe that criminal activity has or was about to occur. *Taylor*, 639 N.E.2d at 1054.

■ Here Officer McDonald stopped Kenner because he was speeding. Kenner does not contend the stop was pretextual.[1] Once stopped, Kenner was given a warning ticket and questioned about his activities.[2] Thereafter Kenner was detained for further investigation in part because Officer McDonald detected the smell of marijuana coming from Kenner's automobile.[3] Although there are no Indiana cases on point,[4] we note that in a number of jurisdictions the odor of marijuana alone can provide the basis for probable cause to search a vehicle. *See, e.g., State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (Ariz.1975) (odor of marijuana emanating from vehicle stopped for traffic or equipment violations alone provided probable cause for search); *State v. Sandoval*, 92 N.M. 476, 590 P.2d 175 (1979); *People v. Gremp*, 20 Ill.App.3d 78, 312 N.E.2d 716 (1974) (probable cause to conduct warrantless search existed where officer detected the odor of marijuana after opening door of stopped car in attempt to view vehicle identification number); *State v. Cross*, 23 Or.App. 536, 543 P.2d 48 (1975) (where trained police officer, during investigation of accident at which defendant was present but not in-

volved, smelled odor of marijuana emanating from clothing and person of defendant, officer had probable cause to conduct warrantless search of jacket that he observed defendant take off); *U.S. v. Gorthy*, 550 F.2d 1051 (5th Cir.1977), *cert. denied* (probable cause found where border patrol agent who detected strong smell of marijuana when opening the side door of motor home stopped at border checkpoint).

In affirming convictions involving marijuana this court has taken into consideration testimony concerning the drug's smell. In *Corrao v. State*, 154 Ind.App. 525, 290 N.E.2d 484 (1972) we held that the defendant's knowledge of the presence of marijuana could be inferred by its smell. In *Bay v. State*, 489 N.E.2d 1220, 1224 (Ind.Ct.App. 1986) we observed that a police officer's testimony that the house "reeked of marijuana" supported the defendant's conviction. Implicit in the foregoing cases is the conclusion that the odor of marijuana is distinctive and capable of being detected by trained or experienced law enforcement personnel. *See, e.g., U.S. v. Dallas*, 672 F.Supp. 362, 365 (S.D.Ind.1987) (observing that raw marijuana has a distinctive odor that can be readily detected with experience and training).

■ Here, Officer McDonald testified that he had been a police officer for fifteen years, had made hundreds of arrests involving marijuana and other drugs, received specific training through drug interdiction

---

1. A lawful stop for a bonafide traffic violation, even if pretextual, does not convert the stop into an unconstitutional search and seizure. *State v. Voit*, 679 N.E.2d 1360, 1363 (Ind.Ct.App.1997).

2. A police officer does not violate the Fourth Amendment by detaining and questioning someone who has just committed a traffic violation. *Berry v. State*, 574 N.E.2d 960, 964 (Ind.Ct.App. 1991), *trans. denied*.

3. We reject the State's inference that the odor of marijuana *coupled with* Kenner's responses to Officer McDonald's questions provided reasonable suspicion justifying an investigatory stop. At best Kenner's responses were innocuous. For example McDonald testified "I asked him if there were any guns in the car and he said no. I asked him if there was any prescription drugs in the car, he said no. Any large amounts of cash, thousands of dollars, he said no. I asked him if there were any illegal drugs in the car, any kind

of—any marijuana. He said not that he knows of, which drew my suspicion a little bit. I asked him if there was any heroin, or cocaine or methamphetamine or anything like that. He said no to those questions." R. at 157–58.

4. In *Shinault v. State*, 668 N.E.2d 274 (Ind.Ct. App.1996) we observed in a footnote "because [the police officer] detected the strong odor of marijuana coming from Shinault's person, there is also the *possibility that probable cause then arose* to justify an arrest and full search incident thereto." *Id.* at 278 n. 5 (emphasis added) (affirming the trial court's denial of defendant's motion to suppress on grounds˙ that the search did not exceed the bounds of a permissible *Terry* pat-down search for weapons); *See also Cody v. State*, 702 N.E.2d 364 (Ind.Ct.App. 1998) (holding that the odor of marijuana coupled with evidence that defendant admitted smoking a marijuana cigarette was enough to establish probable cause).

schools, including a 40 hour course with a drug enforcement agency and drug identification and detection, and had received formal training in college and through the police academy. We reserve for another day the resolution of whether in Indiana the odor of marijuana standing alone constitutes probable cause justifying a search. However, we are persuaded that an officer's detection of the smell of marijuana, together with the reasonable inferences arising therefrom, would permit an ordinary prudent person to believe that criminal activity has or was about to occur. In essence the smell of marijuana can satisfy the reasonable suspicion requirement justifying an investigatory stop. Because of Officer McDonald's experience and training he was qualified to detect the distinct odor of raw marijuana. Having smelled marijuana coming from Kenner's car, the officer had the reasonable suspicion necessary to justify detaining the car for further investigation—namely: a sniff test by a trained dog. The dog's alert to the presence of marijuana provided Officer McDonald with probable cause to search Kenner's car.

## II.

■■■■ Kenner next contends that his one hour detention awaiting the arrival of a canine unit violated his Fourth Amendment right against unreasonable searches and seizures. We first observe the record does not support Kenner's claim that he was detained for an hour. For purposes of the Fourth Amendment an investigatory stop begins when the person being questioned no longer remains free to leave. *Luster v. State,* 578 N.E.2d 740, 744 (Ind.Ct.App.1991); *United States v. Mendenhall,* 446 U.S. 544, 553, 100 S.Ct. 1870, 1871, 64 L.Ed.2d 497 (1980). The same rule applies where the person being questioned is free to leave but his property is detained. *See United States v. Place,* 462 U.S. 696, 709, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983) (holding "when police seize luggage from the suspect's custody ... the limitations applicable to investigative detentions of the person should define the permissible scope of an investigative detention of the person's luggage on less than probable cause."). In the case before us Kenner was initially stopped at 7:49 p.m. at which time

the officer detected the smell of marijuana. It was 8:16 p.m. when Officer McDonald requested a canine unit and advised Kenner that he was free to go but the car had to stay. However, we believe the investigatory stop actually began at 8:01 p.m. after the officer had written Kenner a warning ticket and told him "the traffic stop was over...." R. at 156. It was at this point that Officer McDonald proceeded to question Kenner following up on his suspicion of illegal activity which had already been aroused by the earlier detection of the odor of marijuana. It is reasonable to presume that shortly after the traffic stop was over Officer McDonald decided that the car would be detained. The record shows the canine unit arrived approximately one half hour after the request had been issued—sometime around 8:46 p.m. Thus, for purposes of the Fourth Amendment Kenner was detained for approximately forty-five minutes.

■■■■ Because an investigatory stop is permitted on less than probable cause, its scope also must be limited. *U.S. v. Teslim,* 869 F.2d 316, 322 (7th Cir.1989). Reasonable suspicion justifying a limited investigative stop does not give law enforcement officers all the rights attendant to arrest, but only the right to "temporarily freeze the situation in order to make investigative inquiry." *Platt v. State,* 589 N.E.2d 222, 227 (Ind.1992). "[T]here is [no] litmus paper test for ... determining when a seizure exceeds the bounds of an investigative stop." *Florida v. Royer,* 460 U.S. 491, 506, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229 (1983). The United States Supreme Court has refused to adopt a "hard-and-fast time limit for a permissible *Terry* stop." *United States v. Sharpe,* 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985); *Place,* 462 U.S. at 709 n. 10, 103 S.Ct. at 2646 n. 10, 77 L.Ed.2d 110. "Much as a 'bright line' rule would be desirable, in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria." *Sharpe,* 470 U.S. at 685, 105 S.Ct. at 1575.

In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to

examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.

*Id.* at 686, 105 S.Ct. at 1575. Using the foregoing test, courts have upheld detentions of forty-five minutes, *United States v. Davies,* 768 F.2d 893 (7th Cir.,), *cert. denied,* 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); fifty minutes, *United States v. Alpert,* 816 F.2d 958 (4th Cir.1987); sixty minutes, *United States v. Large,* 729 F.2d 636 (8th Cir.1984); *United States v. Campbell,* 627 F.Supp. 320 (D.Alaska 1985), *aff'd* 810 F.2d 206 (9th Cir.1987); and seventy-five minutes, *United States v. Borys,* 766 F.2d 304 (7th Cir.), *cert. denied* 474 U.S. 1082, 106 S.Ct. 852, 88 L.Ed.2d 893 (1985). Each of the last four cited cases involved delays necessitated by efforts to obtain a narcotics dog to sniff luggage or packages.

■ In this case the record shows there was some initial difficulty in obtaining a canine unit. Apparently the units assigned to the Indianapolis Police Department were unavailable requiring the assistance of another Department. Eventually a unit was dispatched from the Greenwood Police Department. Having a reasonable suspicion that drugs may have been present in Kenner's vehicle, Officer McDonald acted diligently in obtaining a dog in order to confirm or dispel his suspicion. Obviously there will be inevitable delay in obtaining a dog to sniff luggage or packages transported on interstate highways. Kenner's forty-five minute detention in this case did not exceed the permissible bounds of an investigatory stop and thus did not violate the Fourth Amendment. The trial court did not err in denying Kenner's motion to suppress evidence.

Judgment affirmed.

GARRARD, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent as to both Issues I and II. Regarding Issue I, I do not believe that smell alone is sufficiently trustworthy information upon which to satisfy the reasonable suspicion requirement justifying an investigatory stop. Regarding Issue II, I believe that a one hour detention is too lengthy to remain within the constitutional confines of an investigatory stop.

## I.

In balancing the reasonableness of investigatory stops, courts must strike "a balance between the public interest and the individual's right to personal security free from arbitrary interference by law [enforcement] officers." *Carter v. State,* 692 N.E.2d 464, 466 (Ind.Ct.App.1997) (quoting *Brown v. Texas,* 443 U.S. 47, 50, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979)). When balancing these competing interests in different factual contexts, a central concern is "that an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field." *Carter,* 692 N.E.2d at 466 (quoting *Brown,* 443 U.S. at 51, 99 S.Ct. 2637). Hence, reasonable suspicion must be comprised of more than an officer's general "hunches" or unparticularized suspicions. *See Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

"Reasonable suspicion" entails some minimum level of objective justification—that is, something more than an inchoate and unparticularized suspicion or "hunch", but considerably less than proof of wrongdoing by a preponderance of the evidence. *D.H. v. State,* 688 N.E.2d 221, 223 (Ind.Ct.App.1997) (citing *Luster v. State,* 578 N.E.2d 740, 743 (Ind.Ct.App.1991)). If facts known by the police officer at the time of the "stop" are such that a man of reasonable caution would believe that the action taken was appropriate, the command of the Fourth Amendment is satisfied. *Lampkins v. State,* 682 N.E.2d 1268, 1271 (Ind.1997), *modified on other grounds on reh'g; Terry,* 392 U.S. at 22, 88 S.Ct. 1868.

The majority's apparent adoption of the "plain smell" exception to the warrant requirement represents a sweeping change to, and in my opinion an unnecessary deterioration of, our State's Fourth Amendment jurisprudence. This is a change that I am unwilling to make. I find that the more sound

approach is to require some additional indicia of contraband. The majority seems to rely on Officer McDonald's training and experience in the detection of illicit drugs as corroborative evidence. Whether Officer McDonald is trained in drug interdiction does not change the fact that his sole justification for the investigatory stop leading to the search was his belief that he smelled marijuana.

I agree with the majority that Officer McDonald had reasonable suspicion to justify the initial investigatory stop of Kenner's vehicle that ended with the issuance of a warning ticket. I disagree, however, with the majority's analysis regarding the propriety of the subsequent search of Kenner's vehicle. An investigatory stop of a citizen by an officer does not violate that citizen's constitutional rights where the officer has a reasonably articulable suspicion of criminal activity. *Lampkins*, 682 N.E.2d at 1271. Probable cause is not necessary. *Id.* Once the officer has made a valid investigatory or *Terry* stop, the officer is entitled for his own protection, if he has a reasonable fear of danger, to conduct a carefully limited search of the outer clothing of the suspect in an attempt to discover weapons which might be used to assault him. *Terry*, 392 U.S. at 27, 88 S.Ct. 1868. The limited purpose of this exception to the warrant requirement is to enable a police officer to pursue his investigation without fear of violence. In addition, there are several other narrow exceptions to the warrant requirement which enable an officer to search the area within the detainee's immediate control. *See e.g. Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) (Incident to a lawful arrest, the arresting officer may conduct a warrantless search of the arrestee's person and the area within his or her immediate control). Officer McDonald did not indicate that he was fearful for his safety or that he believed Kenner possessed a weapon. Based upon my review of the facts of this case, I fail to see that any reason existed to hold Kenner for any further investigation. Therefore, Officer McDonald's subsequent search of the vehicle was not constitutionally sound. Officer McDonald's reasonable suspicion justified only the initial traffic stop of Kenner's vehicle. A further search would have been justified only if one of the narrowly defined exceptions to the warrant requirement were met or probable cause arose after the stop to justify an arrest and search incident thereto.

Because I do not think that there was probable cause to justify a warrantless search and I would not apply the "plain smell" exception in the same manner as the majority, I respectfully dissent.

II.

The majority holds that Kenner's detention at the scene of the traffic stop was constitutional. I disagree. Kenner was initially stopped at 7:49 p.m., at which time Officer McDonald says he detected the odor of marijuana. Officer McDonald did not dispatch a canine unit until 8:16 p.m., and the unit arrived thirty minutes later. When Officer McDonald requested the canine unit, he informed Kenner that he was free to go but that the car had to remain. An investigatory stop begins either when the person being questioned is no longer free to leave or when his property is detained. *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). Hence, Kenner was detained for approximately one hour.

The predicate permitting seizures on suspicion short of probable cause is that law enforcement interests warrant a limited intrusion on the personal security of the suspect. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. This much, however, is clear: an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Baker v. State*, 485 N.E.2d 122, 124 (Ind. 1985).

Under the facts and circumstances of this case, I find that a one hour detention at the scene of a traffic stop is unreasonable.