STATE of Indiana, Appellant–Plaintiff,

v.

Cameron HAWKINS, Appellee–Defendant.

No. 49A02–0110–CR–668.

Court of Appeals of Indiana.

April 23, 2002.

Stephen R. Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Stephen Gerald Gray, Indianapolis, IN, Attorney for Appellee.

## OPINION

GARRARD, Senior Judge.

On the evening of November 11, 2000 police stopped an automobile driven by Hawkins because one of its headlights was out. Officer Harper went up to explain why he had stopped the car. As he was speaking to Hawkins, the sole occupant, he noticed the strong smell of burnt marijuana in the car. Harper waited for backup to arrive and then requested Hawkins to get out of his car. The backup, Officer Baker, then searched the car and discovered a loaded Glock handgun under the driver's seat. When Hawkins admitted he did not have a permit for the gun but denied owning the gun, the officers placed him under arrest.

Hawkins was charged with carrying a handgun without a license, as a Class C felony. He subsequently moved to suppress the evidence recovered from the search of the car on the ground that the police lacked probable cause to conduct the search. The court granted the motion to suppress and the state has appealed.

The only issue is whether the officer's testimony that he smelled the distinct odor of burnt marijuana in the car constituted probable cause to conduct the search.[1]

Initially, we note that if probable cause existed the vehicle might be searched without the necessity of obtaining a warrant. *See, Maryland v. Dyson,* 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442; *Kenner v.*

---

1. At the suppression hearing the parties stipulated that the probable cause affidavit filed by the officer would constitute the evidence. The affidavit included the assertion that by virtue of his training and experience the officer knew the odor was of burnt marijuana.

*State,* 703 N.E.2d 1122, 1125 (Riley, J., dissenting) (Ind.Ct.App.1999).

Although three Indiana decisions have suggested that smell alone might establish probable cause, all have stopped short of deciding the question. In *Cody v. State,* 702 N.E.2d 364, 367 (Ind.Ct.App.1998) the court held that probable cause was established concerning a vehicle search where the officer detected the smell of marijuana coming from the vehicle and the defendant admitted having smoked a marijuana cigarette earlier. Though not apposite to our facts, in *Kenner, supra,* the court found that the smell of raw marijuana identified by an experienced police officer established reasonable suspicion sufficient to justify an investigatory stop until a drug-sniffing dog could be brought to the scene.[2] 703 N.E.2d at 1127. Then in *Sebastian v. State,* 726 N.E.2d 827, 830 (Ind. Ct.App.2000) *transfer den.* the court determined that the officer smelling the distinct odor of burnt marijuana emanating from defendant's car coupled with a pipe containing marijuana residue found during a pat down search of the defendant constituted probable cause to search the car.

In each of those cases additional facts were present which made it unnecessary for the court to reach the issue of whether the odor alone would constitute probable cause to search. While the cases stopped short of determining that the odor of marijuana alone when detected by a properly trained police officer would constitute probable cause, each of them cited cases from other jurisdictions holding that to be so.

Probable cause to search exists where the facts and circumstances within the knowledge of the officer making the search, based on reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. *Robles v. State,* 510 N.E.2d 660, 664 (Ind.1987), citing *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Furthermore, the determination is to be based on the factual and practical considerations of everyday life upon which reasonable and prudent persons act. *Brunson v. State,* 327 Ark. 567, 940 S.W.2d 440, 441 (1997), cert. denied 522 U.S. 898, 118 S.Ct. 244, 139 L.Ed.2d 173.

As early as 1948 the Supreme Court stated in *Johnson v. United States,* 333 U.S. 10, 13, 68 S.Ct. 367, 368, 92 L.Ed. 436 (1948):

> If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify the issuance of a search warrant. Indeed it might very well be found to be evidence of· most persuasive character.[3]

A sampling of cases from other jurisdictions holding that the distinctive odor of burnt marijuana detected by a trained and experienced police officer is sufficient to constitute probable cause to search a motor vehicle includes the following: *United States v. Peltier,* 217 F.3d 608, 610 (8th Cir.2000); *Brunson v. State, supra; Men-*

---

**2.** We note that the decisions from other jurisdictions are sometimes concerned with the odor of burnt marijuana and sometimes with the odor of raw marijuana. Both odors appear to be distinctive, and decisions involving either may answer the broader question of whether odor alone may supply probable cause. Even so, the issue before us concerns only the odor of burnt marijuana.

**3.** Quoted in 2 LAFAVE, SEARCH & SEIZURE § 3.6(b), 290–291. The odor in question was that of burning opium.

*dez v. People*, 986 P.2d 275, 280 (Colo. 1999); *People v. Stout*, 106 Ill.2d 77, 87 Ill.Dec. 521, 477 N.E.2d 498 (1985); *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804, 806 (2000) (many cases cited in fn. 1, 2, p. 807); *State v. Secrist*, 224 Wis.2d 201, 589 N.W.2d 387 (1999) cert. denied 526 U.S. 1140, 119 S.Ct. 1799, 143 L.Ed.2d 1025.

■ Considering the stipulated facts and the numerous decisions from other jurisdictions, we have no hesitation in deciding that when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle. That is true under both the Fourth Amendment of our federal constitution and under Article 1, Section 11 of the Indiana Constitution.

■ One further point bears discussion. In the appellee's brief Hawkins complains that the record is silent concerning the training and experience of the police officer. We certainly agree that an accused may challenge the qualifications of the officer to determine the nature of the detected odor. That opportunity was, however, foregone in this case.

Hawkins stipulated to the facts in the probable cause affidavit for purposes of the suppression hearing. The affidavit included the following statement. "While at the vehicle talking with Hawkins, I smelled a strong odor coming from inside the vehicle that *through my training and experience* I knew to be burnt marijuana." (Our emphasis). Thus, no issue was raised at the probable cause hearing concerning the training and experience of the police officer, and none can be raised now.

It follows that the court erred in granting the motion to suppress the evidence obtained as a result of the search of the vehicle.

Reversed.

MATTINGLY–MAY, J., and VAIDIK, J., concur.