Darren L. MARCUM, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A05–0507–CR–372.

Court of Appeals of Indiana.

Feb. 28, 2006.

Steven A. Holt, Holt Fleck & Romine, Noblesville, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Darren L. Marcum appeals the denial of his motion to suppress evidence. He raises one issue: whether the police had probable cause to search his vehicle.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On December 14, 2004, Fishers Police Officer Dean Mucha stopped the vehicle Marcum was driving because there was no visible license plate on the rear of the vehicle. Officer Mucha approached the passenger side of the vehicle, and Marcum handed the officer his driver's license. While conversing with Marcum, Officer Mucha noticed a strong odor of raw marijuana emanating from the vehicle. He saw a knife and a gun on the floor by one passenger's feet. Officer Mucha ordered all three people out of the vehicle and he handcuffed Marcum.

Fishers Police Officer Brian Alvey arrived at the scene with a police dog, but

Officer Mucha told Officer Alvey that he did not need to conduct a search using the dog because Officer Mucha had smelled raw marijuana. When Officer Alvey approached the vehicle, he smelled burnt marijuana. The officers found 246 grams of marijuana in the vehicle.

## DISCUSSION AND DECISION

Marcum argues there was not probable cause to search his vehicle, as our courts have not affirmed the propriety of a search based on the smell of raw marijuana alone.

 We review the denial of a motion to suppress evidence in a manner similar to allegations of insufficient evidence. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, in reviewing the denial of a motion to suppress we must also consider uncontested evidence favorable to the defendant. *Washington v. State*, 740 N.E.2d 1241, 1243 (Ind.Ct.App. 2000), *trans. denied* 753 N.E.2d 7 (Ind. 2001).

Marcum contends *Kenner v. State*, 703 N.E.2d 1122, 1127 (Ind.Ct.App.1999), *reh'g denied, trans. denied* 726 N.E.2d 303 (Ind. 1999), requires us to find this search unreasonable. In *Kenner,* we stated:

> We reserve for another day the resolution of whether in Indiana the odor of marijuana standing alone constitutes probable cause justifying a search. However, we are persuaded that an officer's detection of the smell of marijuana, together with the reasonable inferences

arising therefrom, would permit an ordinary prudent person to believe that criminal activity has or was about to occur. In essence the smell of marijuana can satisfy the reasonable suspicion requirement justifying an investigatory stop. Because of Officer McDonald's experience and training he was qualified to detect the distinct odor of raw marijuana. Having smelled marijuana coming from Kenner's car, the officer had the reasonable suspicion necessary to justify detaining the car for further investigation—namely: a sniff test by a trained dog. The dog's alert to the presence of marijuana provided Officer McDonald with probable cause to search Kenner's car.

Officer Mucha did not rely on a sniff test by a trained dog; therefore, Marcum argues, there was no probable cause to search his vehicle.

The question we reserved for another day in *Kenner* was answered in *State v. Hawkins*, 766 N.E.2d 749, 752 (Ind.Ct. App.2002), *trans. denied* 783 N.E.2d 690 (Ind.2002), where we held "we have no hesitation in deciding that when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle." [1] We relied on *Johnson v. United States*, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948):

> If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to

---

**1.** The State contends that *Lark v. State*, 755 N.E.2d 1153, 1156 (Ind.Ct.App.2001), *on reh'g* 759 N.E.2d 275 (Ind.Ct.App.2001), held "the officer's smell of raw marijuana permitted a reasonable suspicion that illegal activity had occurred or was about to occur ...."

(Br. of Appellee at 6.) We caution the State to review its cited decisions carefully. *Lark* did not involve the smell of raw marijuana; instead, it involved the smell of burnt marijuana.

justify the issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character. We noted in *Hawkins* that decisions from other jurisdictions sometimes involve the odor of burnt marijuana and sometimes the odor of raw marijuana. "Both odors appear to be distinctive, and decisions involving either may answer the broader question of whether odor alone may supply probable cause." 766 N.E.2d at 751 n. 2.

Officer Mucha testified he smelled a "strong odor" of raw marijuana. (Tr. at 9.) He stated he knew what raw marijuana smelled like through his training at the Indiana Law Enforcement Academy and at drug interdiction schools, and from his experience on the job. He described the odor as being "very distinct, sweet, [and] pungent smelling...." (*Id.*) Officer Mucha could have had the dog sniff the car but he decided not to do so. Furthermore, Officer Alvey testified he smelled burnt marijuana when he was three to five feet away from the rear bumper of the car. We do not have just the smell of raw marijuana justifying a search. Officer Mucha's testimony, in conjunction with Officer Alvey's testimony that he smelled burnt marijuana, was sufficient to allow a search of Marcum's vehicle. *See Hawkins*, 766 N.E.2d at 752. We decline Marcum's invitation to hold the detection of the odor of marijuana by police officers cannot serve as probable cause for a search unless the odor is independently confirmed by a trained dog.

We accordingly affirm the denial of Marcum's motion to suppress.

Affirmed.

CRONE, J., and FRIEDLANDER, J., concur.