Frank **MILLER**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 18A02–0506–CR–501.

Court of Appeals of Indiana.

May 10, 2006.

Transfer Denied July 13, 2006.

Kelly N. Bryan, Muncie, for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Frank L. Miller, Jr. ("Miller") was charged in Delaware Circuit Court with the following: Class D felony maintaining

a common nuisance, two counts of Class D felony possession of a controlled substance, Class A misdemeanor possession of marijuana, and Class C misdemeanor illegal consumption of an alcoholic beverage. The trial court found Miller guilty as charged and sentenced him on all five counts to an aggregate term of eighteen months imprisonment. Miller appeals, arguing that the warrantless search of his automobile violated both Article I, Section 11 of the Indiana Constitution and the Fourth Amendment to the United States Constitution. Concluding that the warrantless search of Miller's automobile was valid, we affirm.

### Facts and Procedural History

At approximately 11:30 p.m. on March 14, 2003, Yorktown Police Officer Jeff Whitesell ("Officer Whitesell") observed a vehicle driven by Miller proceed through an intersection and head southbound on Batavia Street without its headlights on. Officer Whitesell followed Miller and observed several vehicles proceeding northbound on Batavia Street flash their headlights at Miller in an effort to alert him that his headlights were not on. At the intersection of 8th Street and Batavia, Officer Whitesell initiated a traffic stop on Miller's vehicle. Officer Whitesell activated his overhead emergency lights and Miller pulled over into a tobacco store parking lot. As this was taking place, Officer Whitesell observed Miller and a male passenger lunge forward "as if they were stuffing something under the seat." Tr. p. 24.

Officer Whitesell approached the vehicle and asked Miller for identification. Miller, who was driving at the time, was unable to present any form of identification. Officer Whitesell then detected an odor of what he believed to be marijuana and asked Miller to step out of the vehicle. Miller complied and his passenger, without being asked,

stepped out of the vehicle as well. Officer Whitesell then handcuffed both men and made a radio request for backup. Subsequently, Officer Whitesell discovered that Miller's passenger had two outstanding warrants for his arrest. A fellow officer arrived to assist Officer Whitesell and took Miller's passenger into custody.

Officer Whitesell observed a plastic bag containing what appeared to be pills sitting in the vehicle's ashtray. He then asked Miller for consent to search the vehicle. Miller consented, and Officer Whitesell took custody of the plastic bag containing the pills as well as a plastic bag containing what appeared to be marijuana, found underneath the driver's seat. A field test indicated a positive result that the substance was in fact marijuana, resulting in Miller's arrest on the scene for possession of marijuana. Additionally, a portable breath test conducted on Miller indicated a positive result for alcohol. At the time, Miller was nineteen years old. Later, it was determined that the pills found in Miller's vehicle were Clonazepam and Alprazolam, both of which are controlled substances.

On April 15, 2003, Miller was charged with Class D felony maintaining a common nuisance, two counts of Class D felony possession of a controlled substance, Class A misdemeanor possession of marijuana, and Class C misdemeanor illegal consumption of an alcoholic beverage. Appellant's App. pp. 12–16. On March 9, 2004, Miller filed a motion to suppress, claiming that the search of his vehicle was unlawful. Appellant's App. pp. 33–34. On February 24, 2005, the trial court conducted an evidentiary hearing and subsequently denied Miller's motion on March 15, 2005. Appellant's App. pp. 62–63.

At trial, Miller objected to the admission of the marijuana, Clonazepam and Alprazolam, based upon his contention that

an illegal search occurred. The trial court admitted the evidence and subsequently found Miller guilty as charged. Miller was sentenced to eighteen months for his Class D felony maintaining a common nuisance conviction, eighteen months for each of his Class D felony possession of a controlled substance convictions, one year for his Class A misdemeanor possession of marijuana conviction, and sixty days for his Class C misdemeanor illegal consumption of alcohol conviction, all to be served concurrently. Miller appeals. Additional facts will be provided as necessary.

## Standard of Review

■■■ Although Miller originally challenged the admission of the evidence through a motion to suppress, he appeals following a completed trial and challenges the admission of such evidence at trial. "Thus, the issue is ... appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Washington v. State*, 784 N.E.2d 584, 587 (Ind.Ct.App.2003). Our standard of review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Ackerman v. State*, 774 N.E.2d 970, 974–75 (Ind. Ct.App.2002), *trans. denied.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind.Ct.App.2005), *trans. denied.* However, we must also consider the uncontested evidence favorable to the defendant. *Id.*

## Discussion and Decision

### I. Claim Under the Indiana Constitution

■■■ Miller contends that the warrantless search of his vehicle was unreasonable and therefore violated Article I, Section 11 of the Indiana Constitution. Article I, Section 11 provides:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath and affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

"Although this language tracks the Fourth Amendment [to the United States Constitution] verbatim, we proceed somewhat differently when analyzing the language under the Indiana Constitution than when considering the same language under the Federal Constitution." *Trimble v. State*, 842 N.E.2d 798, 803 (Ind.2006). Whereas the Fourth Amendment places focus on a defendant's reasonable expectation of privacy, "we focus on the actions of the police officer, concluding that the search is legitimate where it is reasonable given the totality of the circumstances." *Id.* (citing *Moran v. State*, 644 N.E.2d 536, 539 (Ind. 1994)).

Miller directs our attention to the fact that his consent given to Officer Whitesell to search his vehicle was invalid, due to Officer Whitesell's failure to advise Miller of his *Pirtle* rights. *See* Br. of Appellant at 9. The State argues that a *Pirtle* advisement is not required in this instance, because probable cause existed when Officer Whitsell detected an odor resembling that of marijuana. *See* Br. of Appellee at 8. We agree with the State.

#### A. *Pirtle Advisement*

■■■ "Under the Indiana Constitution, 'a person in custody must be informed of the right to consult with counsel about the possibility of consenting to search before a valid consent can be given.'" *Joyner v. State*, 736 N.E.2d 232, 241 (Ind.2000)

(quoting *Jones v. State*, 655 N.E.2d 49, 54 (Ind.1995) (citing *Pirtle v. State*, 263 Ind. 16, 28, 323 N.E.2d 634, 640 (1975))).

In *Pirtle*, defendant Robert Pirtle was arrested for possession of a stolen car. At the police station, after Pirtle had requested an attorney but before he could consult with that attorney, Pirtle was questioned and consented to a search of his apartment. During the search of his apartment, officers found evidence linking Pirtle to a prior homicide. Pirtle was charged and convicted of murder. On appeal, Pirtle argued that his consent to the search of his apartment was not validly obtained because he was denied an opportunity to consult with counsel before consenting to a search. 263 Ind. at 23, 323 N.E.2d at 637. Our supreme court agreed with Pirtle and reversed his conviction. In doing so, the supreme court stated:

> [A] person who is asked to give consent to search while in policy custody is entitled to the presence and advice of counsel prior to making the decision whether to give such consent. This right, of course, may be waived, but the burden will be upon the State to show that such waiver is explicit, and, as in *Miranda*, the State will be required to show that the waiver was not occasioned by the defendant's lack of funds.

263 Ind. at 29, 323 N.E.2d at 640. *See also Sims v. State*, 274 Ind. 495, 413 N.E.2d 556 (Ind.1980), *overruled on other grounds by Wright v. State*, 658 N.E.2d 563, 570 (Ind.1995) (holding that a person in police custody must be informed of the right to consult with counsel before consenting to a search).

■ Here, Officer Whitesell did not advise Miller of any right to consult with counsel when he sought permission to search the vehicle. Tr. p. 29. Because Miller claims he was entitled to receive a *Pirtle* warning before consenting to the search of his vehicle, we must determine whether his right to receive the warning had attached. "This right can only be said to have attached if [the defendant] was in custody when he consented to the search." *Sellmer v. State*, 842 N.E.2d 358, 363 (Ind. 2006) (citing *Jones*, 655 N.E.2d at 55). Whether an individual is determined to be "in custody" requires application of an objective test that asks whether a reasonable person under the same circumstances would believe that he was under arrest or not free to resist the police. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *Jones*, 655 N.E.2d at 55 n. 4 (observing that "Justice O'Connor aptly pointed out in *Bostick* [that] the objective test is that of a reasonable innocent person").

Miller immediately exited his vehicle upon Officer Whitesell's request. While doing so, his passenger also exited the vehicle without being requested to do so. This prompted Officer Whitesell to handcuff both Miller and his passenger. Tr. p. 25. Officer Whitesell testified that he then asked Miller "if it was okay if [he] looked inside of his vehicle, and he said yes." Tr. p. 29. No *Pirtle* advisement was given prior to or during this exchange. Our supreme court has previously held that a defendant is "in custody" for purposes of *Pirtle* requirements when a defendant is handcuffed. *See Torres v. State*, 673 N.E.2d 472, 474 (Ind.1996). As such, Miller was in custody at the time he consented to the search of his vehicle and was entitled to be informed of his right to consult with counsel before consenting to the search. However, as discussed below, Miller's invalid consent does not give rise to a reversal by our court, due to the existence of probable cause for the police to search his vehicle.

### B. *Probable Cause*

■ "Probable cause to search exists where the facts and circumstances within

the knowledge of the officer making the search, based on reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *State v. Hawkins,* 766 N.E.2d 749, 751 (Ind.Ct.App.2002) (citing *Robles v. State,* 510 N.E.2d 660, 664 (Ind.1987)). We have recently settled the question of whether the presence of marijuana odor serves as grounds for probable cause to search an individual or his vehicle.

In *Kenner v. State,* 703 N.E.2d 1122, 1127 (Ind.Ct.App.1999), *trans. denied,* we stopped short of addressing the issue of whether the odor of marijuana alone constitutes probable cause by stating:

> We reserve for another day the resolution of whether in Indiana the odor of marijuana standing alone constitutes probable cause justifying a search. However, we are persuaded that an officer's detection of the smell of marijuana, together with the reasonable inferences arising therefrom, would permit an ordinary prudent person to believe that criminal activity has or was about to occur. In essence the smell of marijuana can satisfy the reasonable suspicion requirement justifying an investigatory stop.

The question we reserved in *Kenner* was subsequently answered in *Hawkins.* In *Hawkins,* we held "we have no hesitation in deciding that when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle." 766 N.E.2d at 752.

More recently, we decided *Marcum v. State,* 843 N.E.2d 546 (Ind.Ct.App.2006). There, a police officer stopped Marcum's

vehicle for failure to display a visible license plate. When the officer approached the vehicle, he smelled a "strong odor" of raw marijuana. *Id.* at 548. A fellow officer arrived at the scene and smelled burnt marijuana emanating from Marcum's vehicle. In *Marcum,* we declined to hold that "the detection of the odor of marijuana by police officers cannot serve as probable cause for a search unless the odor is independently confirmed by a trained dog." *Id.*

■ Here, Officer Whitesell's arrest report indicates that he noticed "a strong odor of what was believed to be Marijuana coming from [Miller's] vehicle." Ex. Vol., p. 1. Officer Whitesell confirmed this report when he testified that he detected a "strong odor" of what he "believed to be marijuana" coming from the vehicle.[1] Tr. pp. 25–26. In reliance upon our decisions in both *Hawkins* and *Marcum,* respectively, we conclude that probable cause existed to justify the warrantless search of Miller's vehicle.

## II. Claim Under the Fourth Amendment

■ The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Specifically, it reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. IV. "The reasonableness of the search requires that the sub-

---

1. In *Hawkins,* we noted "an accused may challenge the qualifications of the officer to determine the nature of the detected odor." 766 N.E.2d at 752. As was the case in *Haw-* *kins,* here we have no challenge from Miller as to Officer Whitesell's qualifications and/or ability to detect the odor of marijuana.

ject of the search has exhibited an actual subjective expectation of privacy that society as a whole is prepared to recognize as objectively 'reasonable.' " *Trimble,* 842 N.E.2d 798, 801 (Ind.2006) (citing *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring)). "The Fourth Amendment does not protect objects, activities, or statements that a citizen has exposed to the 'plain view' of outsiders because the individual has expressed no intention of keeping those activities private." *Id.* (internal citation omitted).

 As discussed in *Hawkins,* 766 N.E.2d 749 (Ind.Ct.App.2002), we have previously held that a police officer's detection of the strong and distinctive odor of marijuana coming from a vehicle establishes probable cause to search the vehicle. 766 N.E.2d at 752. There, we further stated "[t]hat is true under *both* the Fourth Amendment of our federal constitution and under Article 1, Section 11 of the Indiana Constitution." *Id.* (emphasis added). As such, we conclude that Officer Whitesell's warrantless search of Miller's vehicle was supported by probable cause and therefore did not violate the Fourth Amendment.

## Conclusion

Under these facts and circumstances, we conclude that the trial court did not err when it denied Miller's motion to suppress the evidence seized during the warrantless search of his vehicle because probable cause existed to satisfy both the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution.

Affirmed.

ROBB, J., and VAIDIK, J., concur.