## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Aug 13 2015, 7:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jaime Carr,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 13, 2015

Court of Appeals Case No.
49A02-1502-CR-81

Appeal from the Marion Superior Court

The Honorable Clayton A. Graham, Judge

Trial Court Cause No.
49G07-1407-CM-36695

**Crone, Judge.**

# Case Summary

A police officer stopped Jaime Carr for speeding, searched her vehicle, and found a handgun under the driver's seat. Carr was charged with and found guilty of class A misdemeanor carrying a handgun without a license.

On appeal, Carr contends that the trial court erred in admitting the handgun and her confession that the handgun belonged to her. We conclude that both arguments are waived and therefore affirm her conviction.

# Facts and Procedural History

On July 24, 2014, Officer Michael McKenna of the Lawrence Police Department stopped Carr for speeding. Her boyfriend James Henderson was in the front passenger seat. When Officer McKenna approached the vehicle, he smelled burnt marijuana and had Carr and Henderson exit the vehicle. He handcuffed them and sat them on the curb. He then searched the vehicle and found a handgun under the driver's seat. Officer McKenna "Mirandized" Carr and Henderson and questioned them about the handgun. Tr. at 8. Carr first stated that the handgun belonged to her and "she was in the middle of purchasing it from her grandfather," and she later stated that she was "purchasing the handgun from a guy named Mike." *Id*. at 9. She told the officer that "she did not have a handgun permit and forgot to get one." *Id*.

The State charged Carr with class A misdemeanor carrying a handgun without a license. At Carr's bench trial, Officer McKenna testified largely consistent

with the foregoing.[1]  Carr testified that she told the officer that she did not own a gun and did not know that there was a handgun under the seat.  Michael Jenkins testified on Carr's behalf and stated that he had left the handgun in her vehicle.  The trial court found Carr guilty as charged, stating that it did not "believe Mr. Jenkins" and that Carr "was the driver and constructively possessed" the handgun that was found "under the driver's seat[.]"  *Id.* at 33. Carr now appeals.

## Discussion and Decision

## Section 1 – Carr has waived any argument regarding the admissibility of the handgun.

[5]  Carr asserts that the trial court erred in admitting the handgun because the State failed to establish that Officer McKenna had sufficient training and experience to identify the smell of burnt marijuana, which was the basis for the warrantless search of her vehicle.  *Cf. State v. Hawkins*, 766 N.E.2d 749, 752 (Ind. Ct. App. 2002) ("[W]hen a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle [without a warrant].  That is true under both the Fourth Amendment of our federal constitution and under Article 1, Section 11 of the Indiana Constitution."), *trans. denied*.  This argument is waived because Carr failed to object to the admission of the handgun at trial.

---

[1] The officer did not specify when he handcuffed Carr and Henderson.  Carr testified that he handcuffed them after they exited and before he searched the vehicle.  Tr. at 27.

*See Kubsch v. State*, 784 N.E.2d 905, 923 (Ind. 2003) ("Failure to object at trial to the admission of evidence results in waiver of that issue on appeal."). Indeed, this argument would be waived in any event because Carr failed to make a specific objection regarding the officer's familiarity with marijuana. *See Espinoza v. State*, 859 N.E.2d 375, 384 (Ind. Ct. App. 2006) ("Under Ind. Evidence Rule 103(a), '[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and … a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context ….' Grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal. The objection must be sufficiently specific to alert the trial judge fully of the legal issue. The complaining party may not object in general terms but must state the objection with specificity.") (citations, quotation marks, and alterations omitted).

## Section 2 – Any argument regarding the admission of Carr's confession is waived, and any error in the admission of the confession is harmless beyond a reasonable doubt.

Carr also contends that the trial court erred in admitting Officer McKenna's testimony that she confessed that the handgun belonged to her because the State failed to establish that he adequately advised her of her *Miranda*[2] rights before he questioned her. Although Carr objected on foundational grounds when

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Officer McKenna testified that he "Mirandized" her without specifying which rights he advised her of, Tr. at 8, she did not object to his testimony that she confessed that the handgun belonged to her. *Id*. at 9. Therefore, this argument is waived. *Kubsch*, 784 N.E.2d at 923.

[7] Waiver notwithstanding, any error in the admission of this testimony is harmless beyond a reasonable doubt because the State presented ample evidence that Carr constructively possessed the handgun. *Cf. Hall v. State*, No. 49S05-1412-CR-728, 2015 WL 4041306 at *6 (Ind. July 2, 2015) ("'[B]efore a federal constitutional error may be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.'") (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). "Similar to a harmless error analysis, a court determining whether an error is harmless beyond a reasonable doubt must do so on review of the whole record." *Id*. at *7.

[8] "Constructive possession is established by showing that the defendant has both the intent and capability to maintain dominion and control over the contraband." *Richardson v. State*, 856 N.E.2d 1222, 1228 (Ind. Ct. App. 2006), *trans. denied* (2007).

> In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. However, when possession of the premises is non-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it.

*Id.* (citation omitted). Among those additional circumstances are proximity of the defendant to the contraband and location of the contraband in close proximity to items owned by the defendant. *Id.* at 1229.

[9] Here, the handgun was found in Carr's vehicle beneath the driver's seat in which she was sitting when Officer McKenna pulled her over. The State presented photographic evidence and testimony from the officer that it would have been very difficult, if not impossible, for a backseat passenger to slide the handgun under the seat. There was no backseat passenger in the vehicle at the time of the stop, and no evidence was presented that the handgun was owned by Henderson, Carr's front-seat passenger. And finally, the trial court specifically stated that it did not believe the testimony of Jenkins, who claimed that the handgun belonged to him. Based on the foregoing, we conclude that any error in the admission of Carr's confession was harmless beyond a reasonable doubt. Consequently, we affirm her conviction.

[10] Affirmed.

May, J., and Bradford, J., concur.