Robert LARK, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0011–CR–723.

Court of Appeals of Indiana.

Dec. 10, 2001.

Richard Walker, Anderson, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION ON REHEARING**

FRIEDLANDER, Judge.

In a published opinion, a divided panel of this court affirmed the appellant's multiple convictions, all of which stemmed from a traffic stop. *See Lark v. State,* 755 N.E.2d 1153 (Ind.Ct.App.2001) (Riley, J., dissenting). The pertinent facts are set out in that opinion and need not be repeated in detail here. The State petitions for rehearing, urging us to correct a misimpression that it fears our opinion may have created regarding the requirements for a valid search and seizure under the Indiana Constitution. We grant the petition solely for that purpose.

Lark's vehicle was stopped after police saw him commit a traffic violation. When police approached his vehicle after it was stopped, they detected the smell of marijuana emanating from the vehicle. The officers asked Lark to step out of his vehicle and, after he complied, performed a pat-down search. During the pat-down Lark acted nervous and eventually took off running. He was chased and subdued, after which police completed the pat-down that had begun earlier. During this procedure, police discovered marijuana. Noting that police may not stop a vehicle except upon reasonable suspicion, Lark argued that police lacked grounds for a reasonable suspicion in his case. Thus, he concluded, "[s]ince all events and evidence seized flowed directly from the traffic stop, all evidence should have been suppressed." Appellant's Brief at 11.

A majority of this panel held that the traffic stop was valid because Lark was observed committing a traffic violation. We then held that the obvious odor of marijuana emanating from the vehicle justified all that followed. We did not undertake a detailed analysis of the constitutionality of "all that followed" because that issue was not before us. That is, Lark did not challenge the presence of probable cause in the event that the stop was deemed to be legal. Even if he had, such a challenge would have failed.

The smell of marijuana not only gave rise to a reasonable suspicion justifying further investigation after the stop, but also, and especially in combination with Lark's nervous behavior and his flight from police while he was being patted down, supplied probable cause for the search that ultimately uncovered the marijuana. It—probable cause—simply was not an issue in this case and therefore we did not discuss it. In any event, we did not intend to imply that the Indiana Constitution does not require probable cause to justify a valid search and seizure. It does. *Kenner v. State*, 703 N.E.2d 1122 (Ind.Ct.App.1999).

SULLIVAN, J., concurs.

RILEY, J., votes to deny Petition for Rehearing.