**Charles MEEK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–1009–CR–964.

Court of Appeals of Indiana.

July 15, 2011.

Transfer Denied Sept 16, 2011.

Stephen Gerald Gray, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Charles Meek ("Meek") brings this interlocutory appeal from the trial court's order denying his motion to suppress evi-

dence discovered during a warrantless search of his person during a *Terry*[1] stop of his vehicle. Meek raises the following restated issue for our review: Does the odor of raw marijuana emanating from a vehicle in which the defendant is an occupant provide sufficient probable cause for law enforcement officers to search the car and its occupants?

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 25, 2009, Officer Matthew Thomas ("Officer Thomas") of the Indianapolis Metropolitan Police Department ("IMPD") observed Eric Moore ("Moore") walking southbound on Evanston Avenue away from a vehicle, talking on his cell phone, and pausing in front of each house he passed. Officer Thomas observed that the car from which Moore was moving, was disabled, had its hazard lights on, and appeared to have been involved in a collision.

Officer Thomas then saw Meek driving a car with tinted windows stop his vehicle in the middle of Evanston Avenue. Moore entered the vehicle, and Meek drove away. Officer Thomas followed the car in his patrol car because he believed that Meek was driving away from a potential accident scene. Although Officer Thomas was only twenty feet away from the vehicle, he could not see the occupants because of the dark tint on the windows.

Officer Thomas initiated a traffic stop because he could not see inside the car due to the dark window tint. Officer Thomas asked Meek to roll down his window, and Meek complied. Officer Thomas saw three occupants in the car, including a child between the age of three and eight.

He also identified the odor of raw marijuana emanating from the passenger cabin of the car. Officer Thomas called for back-up, and Officer Derrick Jackson ("Officer Jackson") responded. He also smelled marijuana coming from the vehicle.

Officer Thomas asked the occupants of the vehicle if there were any weapons or contraband in the vehicle. Both Meek and Moore responded that there were neither. The officers had Moore and Meek exit the vehicle, and Officer Thomas read each of them their Miranda rights. Meek told Officer Thomas that he had a weapon. For officer safety, the officers then conducted a pat-down search of Meek and Moore. The officers found nineteen hundred dollars in cash in the pocket of Moore's sweatpants. They also found Meek's gun, and a valid permit for the gun. The officers then searched the car for weapons and in an attempt to find the source of the marijuana odor emanating from the car. They found neither.

The officers asked the men about the smell of marijuana coming from inside the car. Meek told the officers that he had smoked marijuana earlier. After hearing that, Officer Thomas told Meek that what he smelled was raw, not burnt, marijuana. Officer Jackson then conducted a more thorough pat-down search during which a baggie fell from Meek's pants leg. The baggie contained what the officers suspected was marijuana and some white pills suspected to be Vicodin and Hydrocodone. In the course of the search, some additional loose pills fell to the ground from Meek's pants.

The State charged Meek with one count of Class D felony possession of a controlled substance.[2] Meek moved to suppress the evidence obtained by the officers during

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

2. *See* Ind.Code § 35–48–4–7.

the search of his person because the search occurred without reasonable suspicion or probable cause. After a hearing was held on Meek's motion to suppress, the trial court denied the motion. The trial court certified the issue for interlocutory appeal, and Meek now appeals.

## DISCUSSION AND DECISION

Meeks claims that the trial court erred by denying his motion to suppress the evidence found after a search of his person. More specifically, he argues that the officers lacked probable cause to search his person based solely upon the smell of raw marijuana emanating from the vehicle he was driving.

▮▮▮▮ A trial court has broad discretion in ruling on the admissibility of evidence, and we will disturb its ruling only where it is shown that the trial court abused its discretion. *Ware v. State*, 782 N.E.2d 478, 481 (Ind.Ct.App.2003). We review the denial of a motion to suppress similar to claims challenging the sufficiency of the evidence. *Washington v. State*, 922 N.E.2d 109, 111 (Ind.Ct.App.2010). We do not reweigh the evidence or reassess the credibility of witnesses, but consider the evidence most favorable to the trial court's ruling and any uncontested evidence favorable to the defendant. *Id.* We will affirm if there is substantial evidence of probative value to support the trial court's decision. *Id.*

▮▮▮▮ Meek does not challenge the initial stop of his vehicle. Indeed, officers may stop a vehicle when minor traffic violations are observed. *Wilkerson v. State*, 933 N.E.2d 891, 892 (Ind.Ct.App.2010). Here, both officers testified that the tint on the windows of Meek's vehicle was overly dark, so much so that they could not determine the number or identity of the passengers in the vehicle. Under Indiana Code section 9–19–19–4(c) a person may not

drive a motor vehicle that has a windshield, side wing, side window that is part of a front door, or a rear back window that is tinted to the extent that the occupants of the vehicle cannot be easily identified or recognized through the window from the outside of the vehicle.

▮▮▮▮ Meek contends that while the odor of marijuana emanating from his vehicle might have provided probable cause to search the passenger compartment of the vehicle from which the odor was detected, it did not support probable cause to search his person. "Probable cause to search exists where the facts and circumstances within the knowledge of the officer making the search, based on reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *State v. Hawkins*, 766 N.E.2d 749, 751 (Ind.Ct.App.2002). "[T]he determination is to be based on the factual and practical considerations of everyday life upon which reasonable and prudent persons act." *Id.* This court in *Hawkins*, concluded that when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle, under both the Fourth Amendment of our federal constitution, and under Article I, Section 11 of the Indiana Constitution. *Id.* at 752. Further in a footnote, we commented that

> decisions from other jurisdictions are sometimes concerned with the odor of burnt marijuana and sometimes with the odor of raw marijuana. Both odors appear to be distinctive, and decisions involving either may answer the broader question of whether odor alone may supply probable cause.

*Id.* at 751 n. 2.

In *Marcum v. State*, 843 N.E.2d 546 (Ind.Ct.App.2006), we addressed the ques-

tion whether probable cause existed to search a vehicle based on the smell of raw marijuana. One officer testified that he smelled a strong odor of raw marijuana emanating from the vehicle, and the assisting officer testified that he smelled burnt marijuana coming from the vehicle. Marcum challenged the search claiming that there were no cases to support the propriety of a search based upon the smell of raw marijuana alone. We upheld the trial court's denial of Marcum's motion to suppress noting that the testimony of both officers about the odor of marijuana—one smelling raw marijuana, the other smelling burnt marijuana—coming from the vehicle was sufficient to support the vehicle search, and declined the invitation to hold that the detection of the odor of marijuana by police officers cannot serve as probable cause for a search unless the odor is independently confirmed by a trained dog. 843 N.E.2d at 548.

Meek does not challenge the training or experience of the officers involved in this matter. Meek does, however, challenge the probable cause or reasonable suspicion to support the warrantless search of his person based upon the odor of raw marijuana emanating from his vehicle. In so doing, he claims that this particular search violated Article I, Section 11 of the Indiana Constitution.

In *Lark v. State*, 759 N.E.2d 275 (Ind. Ct.App.2001), this court, in an opinion on rehearing, wrote to clarify the requirements for a valid search and seizure under the Indiana Constitution. We noted that following the valid traffic stop, the "smell of marijuana not only gave rise to a reasonable suspicion justifying further investigation after the stop, but also, and especially in combination with Lark's nervous behavior and his flight from police while he was being patted down, supplied probable

cause for the search that ultimately uncovered the marijuana." *Id.* at 276.

Here, after stepping out of the car, but prior to being handcuffed, Meek admitted that he possessed a weapon, after initially denying the presence of weapons. When questioned about the odor of marijuana that emanated from his vehicle, Meek stated that he had previously smoked marijuana that day. All of those facts taken together, along with the officers' failure to find the source of the odor of marijuana in the vehicle, and the absence of marijuana on Moore's person, supported the subsequent and more thorough pat-down search of Meek's person that ultimately led to the discovery of the contraband.

■ Under Article I, Section 11 of the Indiana Constitution, to be legal, a search must be "reasonable in light of the totality of the circumstances." *Taylor v. State*, 842 N.E.2d 327, 334 (Ind.2006); *Jones v. State* 856 N.E.2d 758, 763 (Ind.Ct.App. 2006). The reasonableness of a search or seizure turns on the balancing of: (1) the degree of concern, suspicion, or knowledge that a violation has occurred; (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities; and (3) the extent of law enforcement needs. *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind.2005). We find no violation here as the search was reasonable in light of the totality of the circumstances.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.