# FOR PUBLICATION



FILED
Jul 28 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ASHLEY BELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-1026 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven J. Rubick, Magistrate
Cause No. 49F10-1307-CM-45257

**July 28, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Ashley Bell was the passenger of a vehicle that was stopped by a police officer because of an illegally displayed temporary license plate. The officer learned that the driver did not have a valid driver's license and ordered the vehicle's occupants to exit. As Bell exited the vehicle, the officer smelled raw marijuana coming from both the vehicle and Bell's person. The officer handcuffed Bell and conducted a patdown search which revealed ten baggies of marijuana. Bell was convicted of class A misdemeanor possession of marijuana.

On appeal, she claims that the search of her person during the traffic stop violated the Fourth Amendment and that the marijuana found during the search should not have been admitted at trial. Concluding that the search was permissible under the Fourth Amendment, we affirm.

**Facts and Procedural History**

In July 2013, Bell was the front seat passenger of a vehicle that was stopped by Indianapolis Metropolitan Police Department Officer Lorrie Phillips because of an illegally displayed temporary license plate. The driver did not have a valid driver's license. Officer Phillips ordered the occupants of the vehicle to exit so the car could be towed. As Bell exited the vehicle, Officer Phillips smelled a strong odor of raw marijuana coming from both the vehicle and Bell's person. Officer Phillips handcuffed and conducted a patdown search of Bell which revealed ten individual baggies of marijuana in her possession. Bell was charged with class A misdemeanor dealing marijuana and class A misdemeanor possession of

marijuana. Following a bench trial, Bell was found not guilty of dealing but guilty of possession.

## Discussion and Decision

Bell claims that the trial court erred by admitting the evidence seized by Officer Phillips because the search violated her rights under the Fourth Amendment to the United States Constitution.

> A trial court has broad discretion in ruling on the admissibility of evidence. Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court.

*Smith v. State*, 980 N.E.2d 346, 349 (Ind. Ct. App. 2012) (citations omitted), *trans. denied* (2013). "We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling." *Overstreet v. State*, 724 N.E.2d 661, 663 (Ind. Ct. App. 2000), *trans. denied.* However, we must also consider the uncontested evidence favorable to the defendant. *Id.*

Here, Bell does not challenge the constitutionality of the investigatory traffic stop, nor does she challenge Officer Phillips's order to exit the vehicle. However, Bell does claim that the warrantless patdown search violated the Fourth Amendment, which states,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

3

Bell contends that Officer Phillips did not have reasonable suspicion to conduct the patdown search. A patdown search is justified during an investigatory stop when the officer is concerned for her safety; it is not to discover evidence of crime, but rather to allow the officer to pursue her investigation without fear of violence. *Shinault v. State*, 668 N.E.2d 274, 277 (Ind. Ct. App. 1996). A patdown search for weapons may be conducted if the officer is "justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." *Jackson v. State*, 669 N.E.2d 744, 747 (Ind. Ct. App. 1996) (quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968)). In a patdown search for weapons, an officer may seize nonthreatening contraband if while patting down a suspect's outer clothing she feels an object whose identity is immediately apparent. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). Bell asserts, and we agree, that Officer Phillips had no reason to believe that Bell was armed and dangerous.

We note however, that a patdown search would have been permissible if Officer Phillips had probable cause to arrest Bell. "Probable cause to search exists where the facts and circumstances within the knowledge of the officer making the search, based on reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Meek v. State*, 950 N.E.2d 816, 819 (Ind. Ct. App. 2011), *trans. denied*. One of the exceptions to the Fourth Amendment's warrant requirement is a search incident to a lawful arrest. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). When probable cause exists to make an arrest, the fact that a suspect was not

4

formally placed under arrest at the time of the search incident will not invalidate the search. *Moffitt v. State*, 817 N.E.2d 239, 247 (Ind. Ct. App. 2004), *trans. denied*. A police officer's subjective belief concerning whether she had probable cause to arrest a defendant has no legal effect. *Fentress v. State*, 863 N.E.2d 420, 423 (Ind. Ct. App. 2007). The ultimate determination of probable cause is reviewed de novo. *Burkett v. State,* 691 N.E.2d 1241, 1244 (Ind. Ct. App. 1998), *trans. denied*.

Here, Officer Phillips conducted a patdown search of Bell after she smelled a strong odor of raw marijuana coming from both the vehicle and Bell's person. In a case involving the Indiana Constitution, we concluded that a warrantless search of the defendant driver was reasonable under the totality of the circumstances when the officer smelled raw marijuana coming from the vehicle after a lawful traffic stop. *Meek,* 950 N.E.2d at 820. In *Shinault,* we noted the possibility that the detection of a strong marijuana odor coming from the defendant driver could have given the officer probable cause to arrest and further search the defendant. 668 N.E.2d at 278 n.5. And we have previously held that the odor of burnt marijuana from a person's vehicle and breath yields probable cause to believe that she possesses marijuana. *Edmond v. State*, 951 N.E.2d 585, 591 (Ind. Ct. App. 2011).

We agree with the State's argument that, like the smell of burnt marijuana, the smell of raw marijuana on a person is sufficient to provide probable cause that the person possesses marijuana. We note that the odor of raw marijuana indicates that it has not been smoked and

5

therefore still may be in the defendant's possession.[1]  As such, we conclude that Officer Phillips had probable cause to arrest Bell and conduct a search incident to arrest.  Therefore we also conclude that the trial court did not abuse its discretion in admitting the evidence seized during the search.  Consequently, we affirm.

Affirmed.

BAKER, J., and BARNES, J., concur.

---

[1] We note that a defendant may challenge the qualifications of the officer in determining the nature of the odor.  *State v. Hawkins*, 766 N.E.2d 749, 752 (Ind. Ct. App. 2002), *trans. denied*.  Here, Bell does not challenge Officer Phillips's training and experience in detecting the odor of raw marijuana.