## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 12 2018, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory S. Loyd
Truitt, Ray, Sharvelle & Eberhardt LLP
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronte A. Terrell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 12, 2018

Court of Appeals Case No.
79A04-1712-CR-2941

Appeal from the Tippecanoe
Superior Court

The Honorable Laura Zeman,
Judge

Trial Court Cause No.
79D04-1702-CM-482

**Baker, Judge.**

[1] Ronte Terrell appeals his conviction for Class B Misdemeanor Possession of Marijuana.[1] Terrell argues that the trial court improperly admitted evidence stemming from a police officer's roadside search of Terrell's person. Finding no error, we affirm.

## Facts

[2] Around 9:30 p.m. on January 6, 2017, Lafayette Police Officer Zachary Hall observed a vehicle commit three traffic infractions. Officer Hall conducted a traffic stop of the vehicle, which was being driven by Terrell and held another passenger. The stop occurred on a major traffic artery in Lafayette lined with intermittent street and business lights, but the stop did not occur under or near any of the lights. It was dark enough that Officer Hall needed to use a flashlight during the stop.

[3] When Officer Hall reached the rolled-down passenger window, he noticed the odor of marijuana. After obtaining identification from Terrell and the passenger, Officer Hall returned to his vehicle, ran the identifications, and determined that the passenger had committed a trespass violation. Officer Hall called for a backup officer to assist him in detaining the passenger. Officer Neil Chidalek responded.

---

[1] Ind. Code § 35-48-4-11.

[4]    After Officer Chidalek arrived, Officer Hall arrested the passenger and conducted a search incident to arrest. During a pat-down search of the passenger's outer clothing, a bag of marijuana fell from the passenger's groin area down his pants leg. Officer Hall secured the passenger in the back of one of the police vehicles.

[5]    Officer Hall could still smell marijuana emanating from the vehicle, so he asked Officer Chidalek to remove Terrell from the vehicle so that he could search it. When Terrell was removed from the vehicle, Officer Hall smelled marijuana on his person. Officer Hall asked Terrell if he had any marijuana on him; Terrell responded that he did not. Officer Hall did not find anything in his search of the vehicle. Officer Chidalek later searched the vehicle again and found marijuana "shake," which is "little leafy parts of marijuana," including "stems and whatnot[.]" Tr. Vol. II p. 50, 51.

[6]    Officer Chidalek conducted a limited pat-down search of Terrell for weapons but found no weapons or contraband. After searching the vehicle, Officer Hall returned to the area where Terrell and Officer Chidalek were standing; Officer Hall could still smell an "overwhelming" odor of raw marijuana emanating from Terrell. *Id.* at 18. Officer Hall walked Terrell back to his police vehicle and instructed Terrell to sit in the rear passenger seat with the door open and remove his shoes, but not his socks. Officer Hall looked inside the shoes and at the bottom of Terrell's feet, but did not find marijuana.

Officer Hall instructed Terrell to put his shoes back on and stand up next to the vehicle. Officer Hall then conducted another pat-down search of Terrell's outer clothing; this time, Officer Hall felt something near Terrell's groin area. The officer pulled on the outside of the elastic waistband of Terrell's loose-fitting sweatpants. The officer was wearing gloves and moved the waistband no more than two or three inches from Terrell's waist. Officer Hall noticed that Terrell was wearing boxer shorts but did not look down Terrell's pants at his groin area; instead, he looked only at Terrell's waistline when he shook the sweatpants. When Officer Hall shook the pants, a plastic bag containing what was later revealed to be 7.6 grams of marijuana fell from Terrell's groin area and down his pants leg to the ground.

Some cars passed by during the traffic stop, but Officer Hall did not recall any vehicles passing by during the search of Terrell. No pedestrians were in the area, the roadway did not have sidewalks, and no houses were in the vicinity. The passenger in Terrell's vehicle was secured in another police vehicle during the search of Terrell.

On February 14, 2017, the State charged Terrell with Class B misdemeanor possession of marijuana. On July 29, 2017, Terrell filed a motion to suppress the marijuana evidence; the trial court later denied the motion. Terrell's bench trial took place on August 31, 2017. The trial court found Terrell guilty as charged and sentenced him to 180 days, with 178 days suspended to probation. Terrell now appeals.

# Discussion and Decision

[10] Terrell argues that the trial court erred by denying his motion to suppress the evidence, but because he is appealing following a completed trial, the issue is properly framed as an argument regarding the admission of the evidence at trial. *E.g.*, *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014). We will only reverse a trial court's ruling on admission of evidence if the decision is clearly against the logic and effect of the facts and circumstances before the court. *D.F. v. State*, 34 N.E.3d 686, 688 (Ind. Ct. App. 2015). In conducting our review, we will neither reweigh the evidence nor assess witness credibility, but we apply a de novo standard of review to matters of law. *Id.* In other words, when a defendant contends that the trial court admitted evidence alleged to have been discovered as the result of an illegal search or seizure, an appellate court will generally assume the trial court accepted the evidence as presented by the State and will not reweigh that evidence, but we owe no deference as to whether that evidence established the constitutionality of the search or seizure. *Id.* at 689.

# I. United States Constitution

[11] Terrell first argues that the search was unconstitutional pursuant to the Fourth Amendment to the United States Constitution. A search conducted without a warrant is per se unreasonable unless it falls within a few well-delineated exceptions to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357 (1967). Relevant to this case is the exception for searches incident to arrest. Terrell concedes that this exception applies to this case. Reply Br. p. 5; *see also*

*Bell v. State*, 13 N.E.3d 543, 546 (Ind. Ct. App. 2014) (holding that the smell of raw marijuana on a person is sufficient to provide probable cause that the person possesses marijuana); *Moffitt v. State*, 817 N.E.2d 239, 247 (Ind. Ct. App. 2004) (noting that so long as probable cause exists to make an arrest, "the fact that a suspect was not formally placed under arrest at the time of the search incident thereto will not invalidate the search").

[12]   The purposes of a search incident to arrest are to ensure officer safety and to prevent destruction of evidence. *United States v. Robinson*, 414 U.S. 218, 227-28 (1973). Even if a search incident to arrest is permissible, it must still be conducted in a reasonable manner. The United States Supreme Court has explained that evaluating the reasonableness of a search incident to arrest requires "a balancing of the need for a particular search against the invasion of personal rights the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In conducting this analysis, there are four factors to consider: (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted. *Id.*

[13]   As for the first two factors, the scope of the intrusion was relatively minimal and the manner in which it was conducted was reasonable. Officer Hall, wearing gloves, conducted a pat-down search of Terrell's person when Terrell was standing next to and partially shielded by a police vehicle. After feeling something near Terrell's groin area, the officer pulled on the outside of the elastic waistband of Terrell's pants. Officer Hall pulled the pants no more than two to three inches away from Terrell's body and did not touch Terrell's

underwear, look in his groin area, or reach his hand inside Terrell's pants. When the officer shook the waistline of Terrell's pants, a bag of marijuana fell from Terrell's groin area through his pants leg and to the ground.

[14] Second, the justification for initiating the search was the strong odor of raw marijuana emanating from Terrell's person. The odor of marijuana is sufficient to justify an officer's belief that the offense of marijuana possession has occurred. *E.g.*, *State v. Parrott*, 69 N.E.3d 535, 543-44 (Ind. Ct. App. 2017), *trans. denied*. At that point, Officer Hall had probable cause to arrest Terrell and needed no further justification to conduct the search incident to arrest. *Robinson*, 414 U.S. at 235. Because Officer Hall had probable cause to believe that Terrell had concealed evidence on his person, his search of Terrell was justified.

[15] Finally, as for the place in which it was conducted, the search occurred alongside a busy road in Lafayette. It was dark enough in the area of the search that Officer Hall had to use a flashlight during the traffic stop, and no vehicles passed by during the search. Terrell was standing next to and partially shielded by a police vehicle, and the passenger in his vehicle was secured in a different vehicle. The area was non-residential and had no sidewalks or pedestrians.

[16] Terrell directs our attention to *Porter v. State*, in support of his contention that the search ran afoul of the Fourth Amendment. 82 N.E.3d 898 (Ind. Ct. App. 2017). We find *Porter* distinguishable from the instant case. In *Porter*, this Court found a search unconstitutional where an officer reached inside the

female defendant's tight-fitting pants and underwear to retrieve contraband during a traffic stop. The search occurred on a public street and the record was silent as to the time of day, whether any efforts were made to shield the defendant from view of any passersby or the two men at the scene, or whether the officer was wearing gloves. *Id.* at 906.

Here, in contrast, Officer Hall, who was wearing gloves, did not reach inside Terrell's pants or underwear. The search was conducted under cover of darkness, partially shielded by a police vehicle, and out of the view of any bystanders in the non-residential area. Unlike in *Porter*, therefore, the scope of the intrusion was relatively minimal and the manner and place in which the search was conducted was designed to afford Terrell as much privacy as possible under the circumstances. We find that this search did not run afoul of the Fourth Amendment and that the trial court did not err by admitting the evidence at issue.

## II. State Constitution

Terrell next argues that the search violated Article I, Section 11 of the Indiana Constitution. Although that provision shares the same language as the Fourth Amendment, we interpret and apply it independently. *State v. Bulington*, 802 N.E.2d 435, 438 (Ind. 2004). We construe this provision of the state constitution liberally "in favor of protecting individuals from unreasonable intrusions on privacy," *Rush v. State*, 881 N.E.2d 46, 52 (Ind. Ct. App. 2008), applying a totality of the circumstances test "to evaluate the reasonableness of

the officer's actions," *Duran v. State*, 930 N.E.2d 10, 17 (Ind. 2010). The State bears the burden of showing that the intrusion was reasonable. *Bulington*, 802 N.E.2d at 438. In determining reasonableness, we consider "(1) the degree of concern, suspicion, or knowledge that a violation has occurred, (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and (3) the extent of law enforcement needs." *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind. 2005).

[19] The degree of concern, suspicion, or knowledge that a violation had occurred was substantial. Officer Hall testified that he repeatedly noticed the overwhelming odor of raw marijuana emanating from Terrell's person. Terrell argues that no foundation was laid to establish that Officer Hall had the training and experience to identify the odor of raw marijuana. The State did, however, ask Officer Hall the following question: "Based on your training and if you recall, was the odor of raw marijuana or burnt marijuana?" Tr. Vol. II p. 20. The officer replied, "Raw." *Id.* Later, the State asked, "was the odor consistent with your training and experience of marijuana?" *Id.* at 21. And Officer Hall replied affirmatively. *Id.*

[20] Ideally, a more thorough foundation would have been laid, but it was not. But at no point did Terrell object to Officer Hall's many statements indicating that he smelled a strong marijuana odor on Terrell's person. Given that no objections were made, we find that the limited questions and answers above suffice to establish that Officer Hall had the training to identify the odor of raw

marijuana. As such, the degree of suspicion or knowledge that a violation had occurred was high.

[21] Next, as noted above, we find the degree of intrusion to be relatively minimal. Terrell was first subjected to a limited pat-down search for weapons while his car was searched for marijuana and when that was not fruitful, Officer Hall searched Terrell's shoes and conducted a more thorough pat-down of his outer clothing, including pulling on the outer waistband of Terrell's loose-fitting sweatpants. Terrell's body parts were never exposed, Officer Hall was wearing gloves, Officer Hall did not reach inside Terrell's pants or underwear, and the search occurred at night, shielded by a police vehicle, with no passersby present. We find that Officer Hall used the least intrusive method possible to locate the contraband hidden on Terrell's person.

[22] Finally, the extent of law enforcement needs was moderate. Officer Hall knew that Terrell almost certainly had contraband on his person. Two of the purposes of a search incident to arrest are to ensure that the arrestee does not bring contraband into the jail and to prevent the destruction of evidence. *Edmond v. State*, 951 N.E.2d 585, 592 (Ind. Ct. App. 2011). To serve these purposes, therefore, Officer Hall needed to search Terrell's person until the contraband was found.

[23] We find that under the totality of the circumstances, the search was reasonable under the Indiana Constitution. Therefore, the trial court did not err by admitting this evidence.

[24] Terrell makes a final argument that, in the aggregate, the multiple searches amounted to an unconstitutional process even if no single search was problematic. We disagree. The officers had the authority to conduct a limited pat-down search for weapons when Terrell was removed from his vehicle, to search his vehicle when they smelled marijuana emanating from it, and to search Terrell incident to arrest—including asking that he remove his shoes and then conducting a more thorough pat-down search—once Officer Hall confirmed that the strong odor of marijuana was coming from Terrell's person rather than from the vehicle. Each stage of the encounter was legal and there is no authority supporting Terrell's argument that the cumulative nature of the lawful searches somehow renders the officers' actions unconstitutional. We decline to reverse on this basis.

[25] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.